

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable S. H. Milwee
County Attorney
Floyd County
Floydada, Texas

Opinion No. 0-7487

Re: Whether the duly appointed
Veterans' County Service
Officer may at the same time
hold the office of Secretary
for the local Selective Ser-
vice Board.

Dear Sir:

We have received your letter of October 30, 1946,
which is quoted as follows:

"Is the Veterans County Service Officer, who has
been duly appointed by the Commissioners Court as such
under the new law eligible to be appointed Secretary
for the local county Selective Service Board (Draft
Board)?

"Or vice versa, is the Secretary of the County
Selective Service Board eligible to be appointed
Veterans County Service Officer?

"Both of these positions of course have a com-
pensation. That is can one person hold both of the
above named offices at the same time?"

Dual offices held under the United States and under
the State of Texas are prohibited by the provisions of Section
12 of Article XVI of our State Constitution which we quote
as follows:

"No member of Congress, nor person holding or
exercising any office of profit or trust, under the
United States, or either of them, or under any for-
eign power, shall be eligible as a member of the

Legislature, or hold or exercise any office of profit
or trust under this State."

Senate Bill Number 44, enacted by the 49th Legis-
lature, creates the office of Veterans County Service Office.
In substance, the Act authorizes the maintenance and oper-
ation of such office by the Commissioners Court; the ap-
pointment by the Commissioners Court of a Veterans County
Service Officer and other necessary personnel and their
terms of office; the extent of authority and nature of the
duties pertaining to such office; the fixing of the salary
of the Veterans County Service Officer, as well as other
personnel, by the Commissioners Court, and the payment of
such salaries out of the general fund of the County. Clearly
then, the Veterans County Service Officer holds an office of
profit under the State.

Local boards within the Selective Service System are
created by virtue of the authority granted in Section 10(a)(2)
of the Selective Training and Service Act of 1940, as amended.
Under the specific provisions of this Act, board members are
not compensated while clerical and stenographic employees,
including board secretaries, appointed by the Selective Ser-
vice Directors under the administration of the Act are civil
service employees and are compensated accordingly. Thus we
have only to determine whether a secretary for the local board
is an office of profit under the United States or merely an
employment or position of profit under the United States.

To indicate the distinction made by the courts
between employment or position and office, we cite the follow-
ing excerpts from 29 Words & Phrases pp. 258 and 259:

"Term 'office,' as relates to public office, im-
plies delegation of portion of sovereign power to person
filling office, whereas under an 'employment' person acts
only on behalf of his principal whose sanction is gener-
ally necessary to give acts performed power of law.
Couts v. San Diego County, 34 P. 2d 812, 815, 139 Cal.
App. 706."

"The chief elements of a 'public office' are well
summed up. The specific position must be created by
law; there must be certain definite duties imposed by
law on the incumbent, and they must involve the exercise
of some portion of the sovereign power. A position which
has these elements is presumably an 'office' while one
which lacks any of them is a mere 'employment.' State ex
rel. Colorado River Commission v. Frohmiller, 52 P. 2d
483, 486, 46 Ariz. 413."

"Positions under city or state civil service laws are not 'offices' in strict sense, like office of judge, and are not 'public offices'. Smith-Hurd Stats. c. 24½, §§ 13, 50; Smith-Hurd Stats. Const. art. 5, § 24. McKinley v. City of Chicago, 10 N. E. 2d 689, 698, 291 Ill. App. 571."

The Selective Training and Service Act of 1940, as amended, does not create nor impose certain definite duties with respect to the position of secretary for a local board. Rather such a position is conditioned upon and determined by the selective service directors and local board members under the administration of the Act. Further, it is our opinion that this position fails to carry with it a delegation of any portion of the sovereign power.

Consequently, we answer your question in the affirmative, and, for the reasons stated above, it is our opinion that a person may under our State Constitutional dual office prohibitions hold both the office of Veterans County Service Officer and the position of secretary for the local selective service board.

In conclusion, we may say that the problem of conflicting duties, time spent on each of the positions involved herein and compensation therefor is a matter of adjustment to be made by the Selective Service authorities and the Commissioners Court.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Jack K. Ayer
Assistant

APPROVED DEC 5, 1946

ATTORNEY GENERAL OF TEXAS

JKA:jt